**Ruben L. SOLIS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–342.**

United States Court of Veterans Appeals.

Submitted Oct. 8, 1991.

Decided Nov. 21, 1991.

Ruben L. Solis, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, Washington, D.C., were on the pleadings, for appellee.

Before HOLDAWAY, Associate Judge.

## MEMORANDUM DECISION

HOLDAWAY, Associate Judge:

Appellant, Ruben L. Solis, seeks review of a January 28, 1991, decision of the Board of Veterans' Appeals (BVA). In that decision, the BVA found that appellant's active service in the organized military forces of the Government of the Commonwealth of the Philippines from July 1943 to December 1946, was not qualifying service for the purpose of establishing eligibility for a non-service-connected pension under 38 U.S.C. § 1521(j) (formerly § 521(j)). The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Section 107(a) of title 38, United States Code states:

§ 107. **Certain Service Deemed not to be active service**

(a) Service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, includ-

ing among such military forces organized guerrilla forces ... shall not be deemed to have been active military, naval, or air service for the purposes of any law of the United States conferring rights, privileges, or benefits upon any person by reason of the service of such person or the service of any other person in the Armed Forces....

38 U.S.C. § 107(a) (1988).

Section 107(a) renders members of the Philippine Army and guerrilla forces who served before July 1, 1946, ineligible for non-service-connected U.S. Veterans benefits. C.f. *Quiban v. Veterans Admin.*, 928 F.2d 1154, 1158 (D.C.Cir.1991), *reh'g denied* (July 18, 1991). After consideration of appellant's informal brief, the pleadings of the Secretary, and a review of the record, it is the holding of the Court that appellant has not demonstrated the BVA committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)) and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

The decision of the BVA is summarily AFFIRMED.